

FILED

NOT FOR PUBLICATION

JUN 11 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| TYLER R. MCDONALD, a single man, | No. 13-35263 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05774-RBL |
| v. | |
| CITY OF TACOMA, a political subdivision of the State of Washington; TACOMA POLICE DEPARTMENT; DARREN KELLY, Badge No. S-271, individually and in his official capacity as a Tacoma Police Officer, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted June 3, 2014
Seattle, Washington

Before: GOODWIN, McKEOWN, and WATFORD, Circuit Judges.

Tyler R. McDonald appeals the district court's summary judgment in his 42

U.S.C. § 1983 action alleging that Sergeant Darren Kelly committed an improper

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

warrantless entry and used excessive force against him in violation of the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291. On de novo review, *Sheehan v. City and Cnty. of San Francisco*, 743 F.3d 1211, 1220 (9th Cir. 2014), we affirm.

The district court properly granted summary judgment on McDonald's warrantless entry claim because McDonald failed to raise a genuine dispute of material fact as to whether he had a reasonable expectation of privacy in the residence where he was found. *See Minnesota v. Carter*, 525 U.S. 83, 90 (1998) ("[A]n overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not."). Moreover, exigent circumstances justified Sergeant Kelly's warrantless entry into the residence. *See Sheehan*, 743 F.3d at 1221 (explaining the exigency exception to the warrant requirement).

The district court properly granted summary judgment on McDonald's excessive force claim because McDonald failed to raise a genuine dispute of material fact as to whether Sergeant Kelly's use of deadly force was unreasonable under the totality of the circumstances. *See id.* at 1229-30 (explaining that an officer's use of deadly force does not violate the Fourth Amendment if the officer reasonably believed, at the moment that he used deadly force, that the suspect

posed a significant threat of death or serious physical injury to the officer or others). McDonald also failed to raise a genuine dispute of material fact as to whether Sergeant Kelly may be held liable on the theory that he intentionally or recklessly provoked the confrontation, because officers committed no independent Fourth Amendment violation that led to the confrontation. *See Billington v. Smith*, 292 F.3d 1177, 1189 (9th Cir. 2002).

Because McDonald failed to raise a genuine dispute of material fact on his underlying constitutional claims, the district court also properly granted summary judgment on McDonald's municipal liability claims. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

**AFFIRMED.**